Filed 6/18/26  Marriage of Alami and Nouri CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of ROYA ALAMI and SIAMAK REZA NOURI. | |
| ROYA ALAMI, Respondent, v. SIAMAK REZA NOURI, Appellant. | G065122 (Super. Ct. No. 23D002524) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Paul Minerich, Judge. Affirmed.

Siamak Rezanouri, in pro. per., for Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Barbero for Respondent.

Siamak Rezanouri[1] appeals from the default judgment entered in this marriage dissolution action. Rezanouri asserts the trial court erred by not setting aside the default under Code of Civil Procedure section 473, subdivision (b), and on other grounds.[2] We conclude Rezanouri's arguments are unavailing and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2023, Roya Alami filed a petition and then an amended petition for dissolution of her marriage to Rezanouri. Neither petition is in the record on appeal. Rezanouri did not file a response, and in March 2024, default was entered against him. Rezanouri appears to have filed a motion to set aside the default in March 2024, but that motion also is not in the record on appeal.

On July 18, 2024, Rezanouri filed his "responsive declaration in support of petition to set aside default." (Capitalization omitted.) In that declaration, Rezanouri discussed, among other things, what he asserted were grounds to set aside the default based on inadvertence, neglect, mistake, and duress. On July 19, 2024, the trial court held a hearing on the motion, but the record on appeal does not contain either a transcript of that hearing or a copy of any order issued by the court on Rezanouri's motion. We assume the court

---

[1] At times in the record, appellant's name is spelled "Siamak Reza Nouri" or "Siamak Rezanouri." Because appellant spells his last name "Rezanouri" in his appellate brief, we use that spelling.

[2] All undesignated statutory references are to the Code of Civil Procedure.

denied the motion,[3] because on July 30, 2024, Rezanouri appears to have filed a second motion to set aside the default. It, too, is not in the record on appeal. Also on July 30, 2024, Rezanouri filed a form responsive declaration to request for order, which attached a new "responsive declaration in support of petition to set aside default" (capitalization omitted) that was different than his July 18, 2024 declaration, along with a number of exhibits.[4]

On November 15, 2024, the trial court held a hearing, at which Rezanouri and Alami appeared in person and Alami's counsel appeared remotely. The court heard argument from Rezanouri and denied his second motion to set aside the default. The court proceeded to conduct a default hearing, after first excusing Rezanouri from the hearing. The court heard testimony from Alami and made various rulings and findings, including that "[j]urisdiction was acquired over [Rezanouri] on July 28, 2023 by service." The court also entered judgment of dissolution. In the judgment, the court, among other things, awarded Alami sole physical custody of the parties' child and awarded joint legal custody to Alami and Rezanouri. The court also noted "[t]he parties have entered into a separation agreement and also a post nuptial agreement," which were attached to the court's judgment, and "[p]er the agreements, the parties have waived spousal support." The court awarded to Alami, as her sole and separate property, "100% interest" in a specific real property in Toronto, "including all sale proceeds" from that

---

[3] Alami's respondent's brief states the trial court denied Rezanouri's March 2024 motion. Rezanouri did not file a reply brief and thus does not dispute this.

[4] Alami appears to have filed responses to both of Rezanouri's motions to set aside the default, but those filings by Alami are not in the record on appeal.

property. The court reserved jurisdiction over any community or separate property not awarded in the judgment.

DISCUSSION

As our Supreme Court has recognized, "it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) An appellant "'has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Id.* at p. 609.)

"'The appellate court is not required to search the record on its own seeking error.' [Citation.] Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; see also Cal. Rules of Court, rule 8.204(a)(1)(C) [noting a brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Moreover, "'[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 (*L.O.*); see also Cal Rules of Court, rule 8.204(a)(1)(B) [noting a brief must "support each point by argument and, if possible, by citation of authority"].) A party appearing in

4

propria persona "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu*, at p. 1247.)

On appeal, Rezanouri argues the trial court abused its discretion by not setting aside the default under section 473, subdivision (b). That statute provides, in relevant part: "The court may, upon any terms as may be just, relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).)[5]

"'The general underlying purpose of section 473[, subdivision (b),] is to promote the determination of actions on their merits.'" (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928 (*Austin*).) "The party seeking relief, however, bears the burden of proof in establishing a right to relief. [Citation.] The burden is a ""double"" one: the moving party ""must show a satisfactory excuse for his default, and he must show diligence

---

[5] Under certain circumstances where an attorney's affidavit of fault is filed, section 473, subdivision (b), requires that relief be granted, but that mandatory provision is not applicable here. (See *Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1100 ["the discretionary provision applies to a party, including a party appearing in propria persona, and an attorney representing a party, whereas the mandatory provision only applies to an attorney representing a party"].)

in making the motion after discovery of the default.""'" (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410; see also *Austin*, at p. 928 ["the moving party bears the burden of establishing a right to relief"].) "[F]or inadvertence or neglect, '[t]o warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances.'" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206.)

"A motion to vacate under section 473[, subdivision (b)] ""is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.'" [Citation.] The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.'" (*Austin, supra*, 244 Cal.App.4th at p. 929.) "However, '[b]ecause the law favors disposing of cases on their merits, "any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits."'" (*Ibid.*)

Here, Rezanouri's argument on appeal regarding section 473, subdivision (b), is unavailing. Rezanouri asserts he "showed excusable neglect: he was self-represented, financially constrained, and misled about deadlines." As an initial matter, Rezanouri did not provide any record citations to support this argument. (See *L.O., supra*, 96 Cal.App.5th at p. 620 ["Because [the appellant] failed to appropriately cite the record, he forfeited any argument that the challenged orders were erroneously issued"].) Indeed, Rezanouri fails to provide any record citations throughout his entire appellate brief.

Even if Rezanouri did not forfeit this argument by failing to provide any supporting record citations, neither the fact that Rezanouri was self-represented nor his assertion that he was "financially constrained" establishes the trial court abused its discretion. As discussed, a party that represents itself "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*Nwosu v. Uba, supra*, 122 Cal.App.4th at p. 1247; see also *Hopkins & Carley v. Gens, supra*, 200 Cal.App.4th at p. 1414 ["'naïveté' of lay litigants in 'rely[ing] on themselves to protect their substantial legal interests' does not afford a ground for relief from adverse results"]; *Hearn v. Howard, supra*, 177 Cal.App.4th at p. 1206 ["'It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment'"].)[6] Rezanouri's vague assertion that he was "misled about deadlines"—without citation to the record—also is insufficient. Rezanouri does not identify what specific deadlines he is referring to or what specific purported misrepresentations caused him to miss them.[7]

---

[6] The Family Code contains provisions that address parties with disparate financial means: Family Code sections 2030 to 2032 may provide for an award of attorney fees in marriage dissolution proceedings. Based on the record on appeal, Rezanouri did not seek attorney fees under those provisions. Rezanouri's asserted financial inability to retain counsel did not require the trial court to set aside the default under section 473, subdivision (b).

[7] Citing *Austin*, Rezanouri asserts "[c]ourts consistently hold that relief is mandatory where a party acts diligently and prejudice is minimal." *Austin* does not stand for that proposition. In *Austin*, the appellate court concluded the trial court erred by refusing to consider the merits of a motion under section 473, subdivision (b), because the motion was not signed under

Additionally, Rezanouri argues his "declaration demonstrates he was deprived of clear notice due to [Alami's] misrepresentation and manipulation tactics," and the judgment therefore violated due process as it was obtained without proper notice. Rezanouri forfeited this argument by failing to provide developed argument. (See *L.O., supra*, 96 Cal.App.5th at p. 620.) As discussed, Rezanouri's appellate brief contains no citations to the record, and his vague assertion of "misrepresentation and manipulation tactics" is insufficient, particularly given his failure to identify any specific purported misrepresentation and manipulation that he claims deprived him of notice. Rezanouri vaguely refers in his appellate brief to a lack of proper notice, but he does not demonstrate he was not served with any specific documents.[8]

Rezanouri also asserts he was entitled to relief from the default judgment under Family Code sections 2121 and 2122 because of duress and

---

penalty of perjury. (*Austin, supra*, 244 Cal.App.4th at pp. 930–932.) The court cited *Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1343 for the proposition that, "'[w]hen the moving party promptly seeks relief [under section 473, subdivision (b)] and there is no prejudice to the opposing party, very slight evidence is required to justify relief.'" (*Austin*, at p. 932.) The *Austin* court then noted that "it would not have been an abuse of discretion for the trial court to grant relief under" section 473, subdivision (b). (*Austin*, at p. 932.) Nevertheless, the court did not order the trial court to grant relief under section 473, subdivision (b); instead, it remanded the matter for the trial court to exercise its discretion and rule on the merits of the motion. (*Austin*, at p. 932 & fn. 10.)

[8] During oral argument, Rezanouri referred to duress, emotional impairment, and coercive circumstances that he asserted warranted relief. But he did not address, either in his appellate brief or his declaration, any specific alleged conduct by Alami after he was served that would demonstrate the trial court abused its discretion in denying his motion or otherwise show he was deprived of due process.

emotional abuse. Under Family Code section 2121, subdivision (a), "[i]n proceedings for dissolution of marriage, . . . the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after the six-month time limit of [s]ection 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this chapter." (*Ibid.*)[9] Based on the record before us on appeal, however, Rezanouri did not seek relief from the judgment in the trial court under Family Code sections 2121 and 2122. Rezanouri cannot assert on appeal that the trial court erred by not setting aside the judgment under these statutes when he did not ask the court to do so. (See *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 ["'issues not raised in the trial court cannot be raised for the first time on appeal'"].)

Finally, Rezanouri contends default should have been set aside because of the best interests of the parties' child. Rezanouri's argument in his appellate brief for this point consists of only the following: "Family law matters are unique; the child's welfare is paramount. (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051). Default judgments deprive the court of full evidence regarding custody and support. Given the ongoing parent-child relationship, justice requires that the case be heard on the merits."

Rezanouri has forfeited this argument by failing to provide developed argument, with citation to applicable authority and citation to the record, explaining why the best interests of the parties' child required the default to be set aside. (See *L.O., supra*, 96 Cal.App.5th at p. 620) The case he cites, *In re Marriage of Stevenot, supra*, 154 Cal.App.3d 1051, does not

---

[9] Family Code section 2122 addresses "[t]he grounds and time limits for a motion to set aside a judgment." (*Ibid.*)

9

support his argument. It did not concern custody of a child. Nor did it address, much less hold, that simply invoking a child's best interest is sufficient ground to set aside a default judgment.

## DISPOSITION

The judgment is affirmed. Respondent Roya Alami shall recover her costs on appeal.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.


10